Hyman *v.* State.

HYMAN *v.* STATE.

(*Knoxville.* October 24, 1888.)

1. CONSTITUTIONAL LAW. *Title of statutes. Amendatory acts.*

An amendatory act, whose caption merely recites the title of the original act, without enlarging its scope, is constitutional and valid, provided its *purview* is germane to the title of the original act.

Constitution cited: Art. II., § 17.

(See 1 Lea, 734; 15 Lea, 239, 633; 3 Lea, 340; Burnett *v.* Turner, *post* p. 124.)

2. SAME. *Same. Same. Purview not germane. Sale of intoxicating liquors.*

A statute prohibiting sale of liquors to *drunken husbands* is unconstitutional and void, if enacted, either as an original or amended act, under the caption, "An act to prevent the sale, giving, or delivery of liquors to *minors.*" Its *purview* is not germane to its *caption.*

Constitution cited: Art. II., § 17.

(See 12 Lea, 180; 4 Lea, 1; 9 Lea, 374; 3 Leg. Rep., 281.)

Acts cited: Acts 1881, Ch. 90 (unconstitutional); (Code, § 5673 (M. & V.); Acts 1883, Ch. 148.

Cases cited and approved: Cannon *v.* Mathes, 8 Heis., 518; 14 Ind., 195; 16 Ind., 197; 8 Iowa, 82.

FROM KNOX.

Appeal in error from the Criminal Court of Knox County. S. T. LOGAN, J.

L. A. GRATZ and D. D. ANDERSON for Hyman.

Attorney-General PICKLE for State.

LURTON, J. The defendant below was indicted and convicted for selling liquor to an habitual drunkard after written notice by wife prohibiting such sale.

There was a motion to arrest judgment based upon the supposed unconstitutionality of the act prohibiting such sale, which motion was overruled. The objection urged to the act is, that the title does not embrace the subject legislated upon, in so far as the sale of liquors to habitual drunkards is prohibited.

By the Act of 1881, Chapter 90, the sale or gift of liquors to *minors,* without the written consent of parents or guardian in writing, is prohibited. The title of this act is: "An act to prevent the sale, giving, or delivery of liquors to minors." This act is carried into the Code (M. & V.) at Section 5673.

By the Act of March 26, 1883 (M. & V. Code, Section 5674), it was attempted to amend the Act of 1881 by extending the prohibition to sales or gifts to any husband who is an habitual drunkard, whose wife has given written notice prohibiting such sale or gift. The title of this amending act—"A bill to be entitled an act to amend an act passed March 25, 1881, approved April 4, 1881, entitled an act to prevent the sale or giving or delivering liquors to minors."

The title to the amendatory act in no way indicates the character of the amendment, beyond a correct recital of the title of the act amended. It is not, however, important that the title of an

amendatory act shall do more than recite the title or substance of the act amended, provided the amendment is germain to the subject of the original act, and is embraced within the title of such amended act. In other words, if the title of the original act is sufficient to embrace the matter covered by the amendment, it is unnecessary that the title of the amendatory act should, of itself, be sufficient. *State* v. *Bowers*, 14 Ind., 195; *Browder* v. *State*, 16 Ind., 197; *Morford* v. *Unger*, 8 Iowa, 82.

By Article II., Section 17, of the Constitution of Tennessee, it is provided that "no bill shall become a law which embraces more than one subject, that subject to be expressed in the title."

The particular ends to be accomplished by requiring the title of an act to express its subject are strongly stated by Judge Cooley, who says: "The object is to prevent surprise or fraud upon the Legislature by means of provisions in bills of which the title gives no intimation, and which might, therefore, be overlooked, and carelessly or unintentionally adopted; and to fairly apprise the people through such publication of legislative proceedings as is usually made of the subjects of legislation that are being considered, in order that they may have an opportunity of being heard thereon, by petition or otherwise, if they shall so desire." Cooley, Cons. Lim., 173.

The precise question to be determined in this case is, whether the title of the original act, entitled "an act to prevent the sale or giving or

delivering liquors to minors," is broad enough to embrace an amendment, not relating in any way to the subject of prohibiting sales or gifts of liquors to *minors*, but which prohibits the sale or giving liquors to *drunken husbands*. We are not at all disposed, as we have frequently announced, to construe this constitutional provision strictly. On the contrary, it should be given a liberal construction so as not to embarrass legislation by a construction unnecessary to the accomplishment of the beneficial purposes for which it was adopted. Yet, as stated by the eminent constitutional lawyer already cited, "the Legislature may make the title to an act as restrictive as they please. It is obvious that they may sometimes so form it as to preclude many matters being included in the act, which might, with entire propriety, have been embraced in one enactment with the matter indicated by the title, but which must now be excluded, because the bill has been made unnecessarily restrictive. The courts cannot enlarge the scope of the title; they are vested with no dispensing power; the Constitution has made the title the conclusive index to the legislative intent as to what shall have operation; it is no answer to say that the title might have been made more comprehensive, if, in fact, the Legislature have not seen fit to make it so." Cooley, Cons. Lim., 179.

It is not to be doubted that the Legislature might have, in one act, prohibited the sale of liquors to both minors and habitual drunkards, and

that many other classes of persons might have been included within the prohibition. But in such case the title of the act should have been comprehensive enough to have included the several prohibitions.

The title to the act in question is an exceedingly restrictive one. It clearly indicates that the subject of the act is the sale or giving of liquors to *minors.* The subject of the legislation is not the sale or giving of liquors generally, but the sale to a very limited class, to wit, minors. It would never occur to legislator or layman that under such an index would be found legislation prohibiting the sale of liquors to any other class of persons than minors. That the sale to drunken husbands is prohibited by this act is not indicated by the most liberal construction of its title.

Concerning the clause of the Constitution violated by this amendment, this Court, speaking through Chief Justice Nicholson, said: "The command is positive that no law shall embrace more than one subject, and it is equally positive that that subject is to be, or shall be, expressed in the title. To constitute a valid law under this provision, the bill must not only embrace one subject alone, but that subject must be expressed in the title." *Cannon* v. *Mathes,* 8 Heis., 518.

It follows that the amendment in question has not been constituionally enacted, and is not therefore a valid law.

The motion to arrest judgment should have been sustained and the prisoner discharged.