State v. Bradt.

STATE v. BRADT.

(*Knoxville*. November 20, 1899.)

1. CONSTITUTIONAL LAW. *Title and subject of statutes.*

If the title of a statute be limited to a particular part or branch .of a general subject the legislation under that title, to be valid, must be confined within the limits so prescribed. (*Post*, *pp*. 591, 592.)

Case cited and approved: Hyman v. State, 87 Tenn., 109, 113.

.2. SAME. *Case, in judgment.*

Acts 1899, ch. 107, is unconstitutional for the reason that matters are treated in the body of the statute that are not expressed in the title. The subject expressed in the title is "the filing and recording of labels, trademarks," etc., and their protection. The matters treated in the body of the statute are (1) that named in the title; (2) adopting or using labels, trademarks, etc., not filed and recorded, and their protection; (3) the unauthorized use of the name or seal of one person by another. (*Post*, *pp*. 590–592.)

Constitution construed: Art. II., § 17.

Act construed: Acts 1899, Ch. 107.

---

FROM HAMILTON.

---

Appeal in error from Circuit Court of Hamilton County. FLOYD ESTILL, J.

ATTORNEY-GENERAL PICKLE, and TREWHITT & STANFIELD for State.

SHEPHERD & FRIERSON for Bradt.

State *v.* Bradt.

CALDWELL, J.   George M. Bradt was indicted in the Circuit Court of Hamilton County for the alleged violation of certain provisions of Chapter 107 of the Acts of 1897. The Judge of that Court quashed the indictment, and the State appealed in error.

The indictment is in good form. It contains three counts, the first being preferred under Sec. 1, the second under Sec. 2, and the third under Sec. 6 of the Act mentioned. The indictment is undoubtedly good if the Act is a valid law; otherwise it is bad, having no other law to rest upon.

The Act is in these words, namely:

"AN ACT to provide for the filing and recording, by any person or association, or union of workingmen, of a label, trade-mark, design, device, or form of advertisement for the purpose of designating or making known or distinguishing any goods, wares, or other products of labor, as having been made, manufactured, produced, or put on sale by such person, association, or union of workingmen, or by a member of such union or association; and to prohibit the counterfeiting or imitation or unauthorized use of such label, trade-mark, term, design, device, or form of advertisement, and to prescribe punishment for a violation of the provisions of this Act.

"SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That whenever any person, or any association or union of workingmen has heretofore adopted or used, or shall hereafter adopt or use, any label, trade-mark, term, design, device, or form of advertisement for the purpose of designating, making known, or distinguishing any goods, wares, merchandise, or other product of labor, as having been made, manufac-

tured, produced, prepared, packed, or put on sale by such person or association or union of workingmen, or by a member or members of such association or union, it shall be unlawful to counterfeit or imitate such label, trade-mark, term, design, device, or form of advertisement, or to use, sell, or to offer for sale, or in any way utter or circulate, any counterfeit or imitation of any such label, trade-mark, term, device, or form of advertisement.

"SEC. 2. *Be it further enacted,* That whoever counterfeits or imitates any such label, trade-mark, term, design,, device, or form of advertisement, or sells, offers for sale, or in any way utters or circulates any counterfeit or imitation of any such label, trade-mark, term, design, device, or form of advertisement, or knowingly keeps, or has in his possession with the intent that the same shall be sold or disposed of, any goods, wares, merchandise or other products of labor to which or on which any such counterfeit or imitation is printed, painted, stamped, or impressed; or knowingly sells or disposes of any goods, wares, merchandise, or other products of labor contained in any box, case, can, or package to which or on which any such counterfeit or imitation is attached, affixed, printed, painted, stamped, or impressed; or keeps or has in his possession with intent that the same shall be sold or disposed of, any goods, wares, merchandise, or other prod-

State *v.* Bradt.

uct of labor in any box, case, can, or package to which or on which any such counterfeit or imitation is attached, affixed, printed, painted, stamped, or impressed, shall be punished by a fine of not more than $100, or by imprisonment for not more than three months.

"SEC. 3. *Be it further enacted,* That every person, association, or union that has heretofore adopted or used, or shall hereafter adopt or use, a label, trade-mark, term, design, device, or form of advertisement as provided in Sec. 1 of this Act, may file the same for record in the office of the Secretary of State by leaving two copies, counterparts, or facsimiles thereof, with said Secretary, and by filing herewith a sworn application, specifying the name or names of the person, association, or union on whose behalf such label, trade-mark, term, design, device, or form of advertisement shall be filed, the class of merchandise, and the description of the goods to which it has been, or is intended to be, appropriated, stating that the party so filing, or on whose behalf such label, trade-mark, term, design, device, or form of advertisement shall be filed, has the right to the use of the same; that no other person, firm, association, union, or corporation has the right to such use, either in the identical form or in any such near resemblance thereto as may be calculated to deceive, and that the facsimile or counterpart filed therewith are true and

correct. There shall be paid for such filing and recording a fee of $1. Said Secretary shall deliver to such person, association, or union so filing, or causing to be filed, any such label, trademark, term, design, device, or form of advertisement so many duly attested certificates of the recording of the same as such person, association, or union may apply for, for each of which certificates said Secretary shall receive a fee of $1. Any such certificates of record shall in all suits and prosecutions under this Act be sufficient proof of the adoption of such label, trade-mark, term, design, device, or form of advertisement. Said Secretary of State shall not record for any person, union, or association any label, trade-mark, term, design, device, or form of advertisement that would probably be mistaken for any label, trademark, term, design, device, or form of advertisement theretofore filed by, or on behalf of, any other person, union, or association.

"SEC. 4. *Be it further enacted,* That any person who shall for himself, or on behalf of any other person, association, or union, procure the filing of any label, trade-mark, term, design, or form of advertisement in the office of the Secretary of State, under the provisions of this Act, by making any false or fraudulent representations or declarations, verbally or in writing, or by any fraudulent means, shall be liable to pay any damages sustained in consequence of any such filing,

to be recovered by or on behalf of the parties injured thereby, in any Court having jurisdiction, and shall be punished by a fine not exceeding $100, or be imprisoned not exceeding three months.

"SEC. 5. *Be it further enacted,* That every such person, association, or union adopting or using a label, trade-mark, term, design, device, or form of advertisement as aforesaid, may proceed by suit to enjoin the manufacture, use, display, or sale of any counterfeits or imitations thereof; and all Courts of competent jurisdiction shall grant injunctions to restrain such manufacture, use, display, or sale, and may award the complainants in any such suits, the Court having jurisdiction, such damages resulting from such manufacture, use, sale, or display as may be by the Court or jury deemed just and reasonable; and shall require the defendant to pay to such person, association, or union all profits derived from such wrongful manufacture, use, display, or sale; and such Court shall also order that all such counterfeits or imitations in the possession or under the control of any defendant in such case be delivered to an officer of the Court, or to the complainant, to be destroyed.

"SEC. 6. *Be it further enacted,* That every person who shall use or display the genuine label, trade-mark, term, design, device, or form of advertisement of any such person, association, or union in any manner, not being authorized so to

State *v.* Bradt.

do by such person, union, or association, shall be deemed guilty of a misdemeanor and shall be punished by imprisonment for not more than three months, or by a fine of not more than $100. In all cases where such associations or union is not incorporated, suits under this Act may be commenced and prosecuted by an officer or member of said association or union in behalf of, and for the use of, such association or union.

"SEC. 7. *Be it further enacted,* That any person or persons who shall in any way use the name or seal of any such person, association, or union, or officer thereof, in and about the sale of goods or otherwise, not being authorized to so use the same, shall be guilty of a misdemeanor, and shall be punishable by imprisonment for not more than two months, or by a fine of not more than $100.

"SEC. 8. *Be it further enacted,* That this Act shall take effect and be in force from and after its passage, the public welfare requiring it."

The objection urged by defendant's counsel against the validity of the enactment is found in the contention that it violates the second clause of Sec. 17 of Art. II. of the State Constitution, which declares that "no bill shall become a law which embraces more than one subject, that subject to be expressed in the title." The objection is a fatal one, for the Act, as framed, em-

braces three subjects, that expressed in the title, and two others.

The subject expressed in the title is only "the filing and recording of labels, trade-marks," etc., and their protection; while the Act treats of that subject in Secs. 3 and 4, and of another subject, "adopting and using labels, trade-marks, etc., not filed and recorded, and their protection," in Secs. 1, 2, 5, and 6; and of still another subject, "the unauthorized use of the name or seal of one person by another," in Sec. 7.

It may be that a title could have been framed in such general language as to express one general subject, embracing and warranting all the legislation found in the body of this Act, but that was not done. On the contrary, the title actually employed is self-limiting and restrictive. It relates alone to the "filing and recording of labels, trade-marks, etc., and their protection," and by its narrow terms limits the legislation permissible thereunder to that narrow subject. Obviously, the subject as expressed in the title is not broad enough in its scope to include the other subjects embraced in the Act; hence their presence brings the legislation within the prohibition of the Constitution, and renders it null and void.

It is well settled that an Act may be limited to a particular part or branch of a general subject by a restrictive title, and that legislation under such a title, to be good, must be confined

State *v.* Bradt.

within the limits so prescribed. Cooley's Const. Lim. (5th Ed.), 179; *Hyman* v. *State,* 87 Tenn., 109, 113. Such is the present title, and the legislation under it is bad because not so confined.

Let the judgment be affirmed.