SAUNDERS   *v.*   SAVAGE.

*(Nashville.*   March   1,   1902.)

CONSTITUTIONAL LAW.   *Subject and title of statutes.*

A statute is unconstitutional and void, as embracing more in its
body than is expressed in its title, which, under the title "An
act authorizing parties defendant in certain actions to sever,
and to have the cause as to themselves transferred to the
county of their residence," provides not only for transfer of
causes where there is a plurality of defendants and severance,
but likewise authorizes such transfer where there is only a
single defendant.

Constitution construed: Art. II, § 17.

Act construed: Acts 1871, Ch. 126.

Code construed: §§ 4559–4566 (S.); §§ 3551-3558 (M. & V.).

Cases cited: State *v.* Bradt, 103 Tenn., 584; Hyman *v.* State, 87
Tenn., 109; State *ex rel v.* Schlitz Brewing Co., 104 Tenn.,
726.

FROM   WARREN.

Appeal   in   error   from   the   Circuit   Court   of
Warren   County.   M. D. SMALLMAN, J.

COLYAR & DANIEL and STOCKELL for Saunders.

JOHN   P.   HELMS   for   Savage.

BEARD, J.   This   is   an   action   of   libel   brought
by   the   plaintiff   against   the   defendant,   in   which
it   is   alleged   that   the   defendant,   in   an   answer

Saunders *v.* Savage.

and cross-bill filed in a cause instituted against him in the Chancery Court of White County by the plaintiff, had, without probable cause, maliciously, wantonly, and falsely uttered certain grossly defamatory words of and concerning her, to her damage $50,000.00.

The present action was begun in the Circuit Court of Davidson County, within whose jurisdiction the defendant was when the summons was served upon him.

To the declaration in the case the defendant filed a demurrer, but before action was taken on it, he presented a petition to the Court, in which he averred that he was a citizen of Warren County, Tennessee, and as such was entitled to have the cause transferred to the Circuit Court of that county for trial, under and by virtue of the terms of Ch. 126 of the Acts of 1871, carried into Shannon's Code from §§ 4559 to 4566, inclusive, and praying that an order be entered transferring it to that Court for trial. Over the objection of the plaintiff below, it was so ordered. The record was thereupon transmitted to the Circuit Court of Warren County, and the case there docketed. Subsequently the demurrer was argued, and the trial Judge, sustaining its fourth ground, dismissed the suit. The plaintiff has brought up the cause by an appeal in the nature of a writ of error, and assigns as reasons for reversal, the action of the Circuit Court of

Davidson County in ordering the removal of the
cause, and that of the trial Judge in Warren
County in sustaining the demurrer.

The Act of 1871, under which the removal was
effected, is assailed as unconstitutional on a num-
ber of grounds. Only one of the grounds will
be considered by us, as its determination will be
decisive of the contention of plaintiff.

The Act is entitled, "An Act authorizing par-
ties defendant in certain actions to sever, and to
have the cause as to themselves transferred to the
county of their residence."

The first section of the Act provides "that in
all suits for damages done the character of any
person    .    .    .    each defendant therein, if
there be more than one    ..    .    .    shall have
the right    .    .    .    to sever    .    .    .
and have the suit as to himself separatelv tried.
.    .    .    The provision of the second section
is as follows: "That in all causes now pending,
or that may be hereafter instituted, in any of
the Courts of this State, wherein any one or
more of the defendants thereto shall avail them-
selves of the right to sever,    .    .    .    then
.    .    .    any defendant so severing, who may
have been at the commencement of the suit a
resident of any other county of the State than
the one wherein said suit is pending    .    .    .
shall be entitled to have the cause as to himself
removed to the county of his residence." The

remainder of the section and Sec. 3, provide the mode by which this removal is accomplished; while Sec. 4 grants an appeal to this Court from the action of the Court failing or refusing to make the order for the transfer, in a case covered by Sec. 2 of the Act.

It will be observed that none of the Sections already referred to apply to the case of the defendant below, as he was the sole defendant, and there could be no order of severance, which under Sec. 2 precedes the application for a removal to the county of the petitioner's residence.

But the right of removal is rested upon Sec. 5, which is as follows: "Be it further enacted, That the benefits of this Act shall apply to and have full force and effect in all suits for damages done the character of any individual, where there is only one defendant, so far as said Act applies to the removal of causes to the county of the defendant's residence, and in all such causes now pending or that may hereafter be brought against any person in any county not of his own residence, such person or defendant shall be entitled, in the same manner and with all the rights and privileges specified and granted herein to defendants where a severance occurs, to have said cause removed to the county of his residence, and there tried as if originally instituted in such county."

This section unquestionably justified the action

of the Circuit Court of Davidson County in or-
dering the removal in this cause if valid, and
the question is, was the section constitutionally
enacted?

We think not. Leaving out of view other ob-
jections, we are satisfied that the Act cannot be
sustained, inasmuch as the section under which
this removal was made is outside the title, and
is not in any sense germane to the subject sug-
gested by the title. This "authorizes parties de-
fendant in certain actions to sever and to have
the cause as to themselves transferred to the
county of their residence." By its terms it em-
braces only actions where two or more are de-
fendants, for unless there be more than one de-
fendant, there is no room for severance. And so
the sections one, two, three, and four contemplate
an application of this statutory rule, only where
the action is against two or more, and they fall
directly within the limits of the title. But it is
otherwise as to Sec. 5. This seems to have been
added as an afterthought. It would appear clear
that it was not a part of the original plan, but
was added after this had been perfected. That
contemplated and provided a remedy for a de-
fendant who, associated with another defendant or
other defendants, was sued for defamation of char-
acter, while Sec. 5 gives the benefits of the Act
to a defendant who stands alone in such an
action.

The title is restrictive, and by no rule of construction can be made to embrace an action for defamation of character brought against a single defendant. No reason can be suggested for a distinction between the two cases. If it was proper to provide the remedy of removal in the one, it was equally so in the other case. But this could only be done within the constitutional provision; which is as follows:

"No bill shall become a law which embraces more than one subject, that subject to be expressed in the title." Art. 11, Sec. 17, State Constitution.

Illustrations of statutes held to be void, because of a violation of this clause, or section, may be found in *State* v. *Bradt,* 103 Tenn., 584, and *Hyman* v. *State*, 87 Tenn., 109.

Upon an examination it will be found that the sections of the Acts, the subject of controversy in these cases, were not more foreign to their respective titles than is the section in the Act which is presented for consideration in this case.

It is settled, beyond debate, that the constitutional provision quoted above "is mandatory as to the singleness of the subject of the bill and as to the expression of that subject in the title, and if a given bill embraces two subjects, or but one subject, and it is not expressed in the title, the attempted legislation is invalid in toto." *State*

*ex rel.* v. *Schlitz Brewing Co.,* 104 Tenn., 726. Upon the authority of the cases, many of which are cited in the opinion, from which this quotation is made, construing this provision of the Constitution, we are constrained to hold the act in question void.

This being so, the action of the Circuit Court of Warren County, on the demurrer, was *coram non judice.* Its judgment is, therefore, reversed, and the case will be remanded to that Court, with the direction that the record be transmitted to the Circuit Court of Davidson County, where the demurrer will be acted upon, and such other steps be taken as may be necessary or proper in the cause.