## E. T. DIXON v. THE STATE.

### (*Jackson.* April Term, 1906.)

**CONSTITUTIONAL LAW.** Statute void where body thereof is broader than the title.

The body of a statute is broader than its title, and the statute is unconstitutional and void, where, under the title, "An Act to regulate the laying out and working of public roads in counties having a population of between 25,100 and 25,200," applying exclusively to Haywood county, the body of the Act contains provisions applying generally throughout the State without regard to the population of the counties.

Acts cited and construed: 1903, ch. 573, sec. 6.

Constitution cited and construed: Art. 2, sec. 17.

Cases cited and approved: Kennedy v. Montgomery County, 98 Tenn:, 178; State v. Bradt, 103 Tenn., 584; Saunders v. Savage, 108 Tenn., 348.

Case cited and distinguished: Powers v. McKenzie, 90 Tenn., 167.

---

### FROM HAYWOOD.

---

Appeal in error from the Circuit Court of Haywood County.—JOHN R. BOND, Judge.

CURRIE DIXON and KINNEY & WILLS, for E. T. Dixon.

ATTORNEY-GENERAL CATES, for the State.

MR. JUSTICE MCALISTER delivered the opinion of the Court.

The plaintiff in error was convicted of a violation of section 6, c. 572, p. 1521, of the Acts of 1903, in that as contractor of a public highway he had failed or refused to file with the clerk of the circuit court, at least ten days before said court's session, a complete report of the condition of his section. The plaintiff in error has appealed, and assigns as error the unconstitutionality of the act aforesaid.

The specific objection interposed to the act is that it is violative of article 2, section 17, of the constitution, in that the body of the act is broader than a title. We are constrained to hold this objection well taken. The caption of said act is in the following words and figures, viz.: "An act to regulate the laying out and working of public roads in Tennessee, in counties having a population, by the federal census of 1900, or any subsequent federal census, of between 25,100 and 25,200." It appears that this title is restrictive, and as a matter of fact applies alone, and was intended only to apply, to the county of Haywood; but, when we come to examine the body of the act, it is found that it is not restricted to the population designated in the caption, but is a general law applying throughout the entire State. It is very obvious that the legislature, in passing this law, was misguided by the title to the bill, and supposed they were enacting a law for the benefit of a single county, and their attention was not challenged to the omission from the body of

Dixon v. State.

the act of the restriction of the title. It is true that a statute having but one subject, and that subject expressed in the title, is not unconstitutional because the title is broader and more comprehensive than the provisions of the act. *Powers* v. *McKenzie,* 90 Tenn., 167, 16 S. W., 559. But it is well settled that, if the body of the act is broader than the title, this fact renders the act unconstitutional and void. *Kennedy* v. *Montgomery Co.,* 98 Tenn., 178, 38 S. W., 1075; *Saunders* v. *Savage,* 108 Tenn., 345, 67 S. W., 471; *State* v. *Bradt,* 103 Tenn., 584, 53 S. W., 942.

Let the judgment be reversed.