Jackson v. Manufacturing Co.

MARY ALMA JACKSON, by next friend, etc., *v.* WEIS & LESH MANUFACTURING COMPANY. *

*(Jackson.   April Term, 1911.)*

1. **STATUTES. Not invalidated by failure of legislative journal to show passage on second reading or to show concurrence in amendment, when signed by the speakers and governor.**

The mere fact that the senate journal fails to show the passage of a bill on its second reading will not affect its validity, where the house journal shows that it was passed on three several readings in the house, and the senate journal shows that it was passed in the senate on its first and third readings, and the respective journals show it was signed by the speaker of each house in open session, and it is approved by the governor; nor does the mere fact that the journals show a bill is amended and returned to the house of its origin without any reference then to the amendment invalidate it as a legislative amendment, where it is afterwards signed by the respective speakers of the two houses in open session, and approved by the governor; for where a legislative act has been signed by the respective speakers of both houses in open session, and that fact is noted on the respective journals, and has been approved by the governor as required by the constitution, every reasonable presumption and inference will be made in favor of the regularity of its passage, and it will be upheld, unless the journals affirmatively show the absence of compliance with some constitutional requirement. (*Post, pp.* 423-425.)

Acts cited and construed: Acts 1893, ch. 159.

Cases cited and approved: State v. McConnell, 3 Lea, 333; State v. Algood, 87 Tenn., 162.

---

*Constitutionality of statute as to child labor, see note in 17 L. R. A. (N. S.), 602.

Jackson v. Manufacturing Co.

2. **CONSTITUTIONAL LAW.** Amendatory act whose title does not enlarge the restrictive title of the act sought to be amended, but whose body enlarges the scope of legislation beyond such restrictive title, is unconstitutional and void.

Where the title of a legislative act is restrictive in making it unlawful to employ a child less than twelve years of age in certain work, and the title of an amendatory act does not enlarge such title of the original act sought to be amended, the amendment contained the original act, and cannot enlarge the scope of legislation beyond the limits of the restrictive title of the original act; and therefore, such amendatory act, undertaking in its body to raise the age of children for such employment, is unconstitutional and void, as legislation attempted upon a subject not expressed in the title of the original or amended act. (*Post, pp.* 423, 425-428.)

Acts cited and construed: Acts 1893, ch. 159; Acts 1901, ch. 34.

Constitution cited and construed: Art. 2, sec. 17.

Cases cited and approved: Hyman v. State, 87 Tenn., 109; State v. Algood, 87 Tenn., 163; State v. Bradt, 103 Tenn., 584; State v. Brewing Co., 104 Tenn., 728; Railroad v. Byrne, 119 Tenn., 291.

FROM MADISON.

Appeal from the Circuit Court of Madison County. —S. J. EVERETT, Judge.

POPE & POPE, for plaintiff.

W. G. TIMBERLAKE, for defendant.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This is an action for personal injuries received by plaintiff in error, Mary Alma Jackson, while in the service of the defendant in error removing skewer pins from the hopper of one of the machines used by defendant in error in the manufacture of such pins, which resulted in the loss of one of her thumbs. There are three counts in the declaration, the first and third of which predicate liability of defendant upon an alleged violation of what is generally known as the "child labor law," and the second count placed liability upon common-law negligence. The trial judge directed a verdict in favor of the defendant below upon the first and third counts, and there was a trial before the court and jury upon the second count, which resulted in a verdict for defendant. Motions for new trial were made and overruled, and the errors assigned here go to the action of the circuit judge in holding that chapter 159, Acts of 1893, and chapter 34, Acts of 1901, amendatory thereof, were unconstitutional and void.

The circuit judge was of opinion that chapter 159, Acts of 1893, was not constitutionally passed, and the infirmities appearing in the legislative journals, which satisfied him that this was true, he states as follows:

"It appears from the house journal of 1893, that this child labor law was introduced as Bill No. 6, and it passed regularly its first, second, and third reading, and was sent to the other house, the senate, where it passed

its first reading. The journal does not affirmatively show that it passed its second reading, or that it was referred to any committee, but does show that it was taken up for passage on its third reading by unanimous consent, and, while pending its third reading, an amendment was offered—and a material amendment, too—to this bill, and the amendment was adopted by the senate, and the bill then passed on its third reading. The journal fails to show that in reporting this bill back to the house any statement was made or anything on the journals to show that the bill was amended on its third reading in the senate, and it simply shows an enrollment to the house, and does not show any concurrence by the house in the senate amendment. Hence this act is invalid. It did not pass according to the constitutional methods, and you cannot consider either the first or third counts in this declaration; that is going to the statute of employing a child under fourteen years of age."

We infer that his honor was of opinion that, inasmuch as the original act of 1893 was invalid for the reasons stated by him, the subsequent act of 1901, amending the act of 1893, must likewise fall, because it is amendatory of the original act only.

We cannot concur with the trial judge in the conclusion reached by him with respect to the validity of the act of 1893. His holding is in direct conflict with the opinion of this court in State v. McConnell, 3 Lea, 333, and State v. Algood, 87 Tenn., 162, 10 S. W., 310. The first case cited is direct authority for the proposition

that the mere fact that the journals of the senate fail to show the second reading of a bill will not affect its validity as an act, when it appears that it was passed on three several readings in the house, and two readings in the senate, one of them purporting to be the third reading, and that it was signed by the speaker of each house in open session, and approved by the governor; and the second case cited is direct authority for the further proposition that the mere fact that the journals may show a bill is amended and returned to the house of its origin without any reference to the amendment, but is afterwards signed by the speakers of the two houses in open session, and approved by the governor, does not invalidate it as a legislative enactment. All of our cases firmly establish the proposition that where an act of the legislature has been signed by the respective speakers of both houses in open session, and that fact noted on the journals, and has been approved by the governor as required by the constitution, every reasonable presumption and inference will be made in favor of the regularity of its passage, and it will be upheld, unless the journals affirmatively show the absence of some constitutional requirement.

Learned counsel for defendant in error insist, however, that, whatever view the court may take of the constitutionality of the act of 1893, this act was superseded by chapter 34, Acts of 1901, which amended the original act of 1893, by substituting an entirely new enactment for the original, and this latter act is unconstitutional,

because it violates article 1, section 8, and article 2, section 17, of the State constitution.

The title assigned to chapter 34, Acts of 1901, is as follows: "An act to amend chapter 159 of the Acts of 1893, being an act entitled 'An act to make it unlawful to employ a child less than twelve years of age in workshops, mines, mills or factories in this State.'" The title of chapter 159, Acts of 1893, is as follows: "An act to make it unlawful to employ a child less than twelve years of age in workshops, mines, mills, or factories in this State."

We are of opinion that chapter 34, Acts of 1901, is violative of article 2, section 17, of the constitution, which provides, among other things, that "no bill shall become a law which embraces more than one subject, that subject to be expressed in the title." The title assigned by the legislature to chapter 159 of the Acts of 1893 is a restrictive one. The legislation indicated by the title is with respect to the employment of children less than twelve years of age in workshops, mines, mills or factories. It would have been competent for the legislature to have enacted the law in question under a general title, and to have prohibited such employment of all children, had it seen proper to do so; but this was not done. The subject of legislation was expressly limited to the employment of a child less than twelve years of age. Under all of our cases, the only legislation permissible under the title of the act of 1893 is such as relates to the employment of children less than twelve years of age in

workshops, mines, mills, or factories. The same is true of the title to the amendatory act of 1901. There is no attempt to enlarge the title of the act of 1893; but, on the contrary, its title is literally copied in the title of the amendatory act. Therefore the amendment must fall within, and be germane to, the title of the original act. *Hyman* v. *State,* 87 Tenn., 109, 9 S. W., 372, 1 L. R. A., 497; *Railroad* v. *Byrne,* 119 Tenn., 291, 104 S. W., 460; *State* v. *Bradt,* 103 Tenn., 584, 53 S. W., 942; *State* v. *Brewing Co.,* 104 Tenn., 728, 59 S. W., 1033, 78 Am. St. Rep., 941.

This amendment incorporates itself into the original act, and the two become one piece of legislation as completely as if enacted at one time in one bill, and the scope of the bill as amended must be limited to the title of the original act. *Railroad* v. *Byrne,* supra; *Hyman* v. *State,* supra; *State* v. *Algood,* 87 Tenn., 163, 10 S. W., 310. Comparing the amendment with the title of the original act, we find that legislature has made it unlawful to employ a child less than fourteen years of age in workshops, mines, mills, or factories, under a title which limits the scope of legislation to such employment of a child less than twelve years of age.

While it has long since been settled that this section of the constitution is to be liberally construed in order to prevent the failure of useful and beneficial legislation, and the courts will not give a strained and narrow construction to the terms employed by the legislature in carving out the subject-matter of legislation, but will look to the objects and purposes to be accomplished,

rather than restrictive details of the title, nevertheless the constitutional prohibition against duplex legislation is mandatory, and where it clearly appears that the body of an act, either original or amendatory, is broader than its title, the courts must so declare. If it were permissible to sustain the amendment involved in this case, raising the age of children forbidden to be employed by the original act from twelve to fourteen years, it would be equally permissible to raise the age to any number of years, so long as the age classification could fairly be said to include children. This is not immaterial. The number of children within the State between the ages of twelve and fourteen must necessarily be very large. The legislature and the general public, in reading the title of the original act as copied into the amendatory act, could not reasonably have known that the amendment proposed was to raise the age of children forbidden to be employed from twelve to fourteen years. Many might readily agree to the enactment of a law which would forbid the employment of children under twelve years of age, who would actively oppose the prohibition of the employment of that great number of children between the ages of twelve and fourteen. But, however this may be, it is perfectly plain that the amendment enlarges the scope of legislation far beyond the limits of the title of the original act, and it is equally clear that the body of the amendment must fall within the original title.

We are of opinion that chapter 34 of the Acts of 1901, is unconstiutional and void. It results that the judgment of the circuit court is affirmed, with costs.