## G. Mattei v. Clark Hardware Company.*

## (*Nashville.* December Term, 1926.)

### Opinion filed, March 2, 1927.

**1. MECHANIC'S LIEN LAW. Furnishers lien. Notice.**

To preserve the furnisher's lien for supplies to the contractor, notice must be given the owner of property improved within thirty days as provided by chapter 103 of the Acts of 1899. (Post, p. 185-186.)

Citing: Code Shannon, secs. 3540, 3543; Acts 1881, ch. 103; Acts 1899, ch. 103.

**2. SAME. Same. Same. Acts 1925, ch. 144 void.**

Acts 1925, chapter 144, amendatory of Acts 1899, chapter 103, extending time to ninety days, being in contravention of article 2, section 17 of the State constitution is invalid. (Post, p. 187.)

See now Act 1927, ch. 35.

**3. CONSTITUTIONAL LAW. Amendatory act. Existing law.**

The purpose of article 2, section 17 of the State constitution was to direct the attention of the legislature to the existing law and thereby prevent improvident legislation. (Post, p. 187.)

Citing: Memphis Street Railway v. Byrne, 119 Tenn., 278.

**4. SAME. Same. Same.**

The constitutional requirement is met if the act to amend the former law recites in the caption or otherwise the title or substance of the law amended. The caption or body of the amendatory Act of 1925, chapter 144, does neither. (Post, p. 187.)

Citing: Williams v. Mann Const. Co., 145 Tenn., 324.

---

*Headnotes 1. Statutes, 36 Cyc., p. 1066; 2. Statutes, 36 Cyc., p. 1066.

---

### FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County.— HON. E. F. LANKFORD, Judge.

A. J. GRIGSBY, JR., for plaintiff in error.

B. O. BRILEY, for defendant in error.

MR. JUSTICE COOK, delivered the opinion of the Court.

Dunnivant, a contractor, built a house for Mattei under supervision of Tom Gardner as architect. Upon completion Gardner required Dunnivant to present the bills for labor and material used in construction of the house, approved the bills and they were paid by Mattei who supposed that all liens upon the property were discharged. He had no knowledge of the account of Clark Hardware Company for materials supplied Dunnivant and used in the building.

Clark Hardware Company's account was not paid by the contractor, Dunnivant, and upon presentation Mattei refused to pay it. Notice was given Mattei as required by Section 3540 of Shannon's Code, after the expiration of thirty days, but within ninety days after the last material was furnished by the Hardware Company. Attachment was levied according to Section 3543 of Shannon's Code, to enforce the lien given furnishers under section 3540 of Shannon's Code, chapter 67 of the Acts of 1881 and Chapter 103, Acts of 1889.

A number of questions are presented on appeal through assignments of error on behalf of plaintiff in error, one of which is determinative. It is urged through this assignment that Clark Hardware Company did not preserve its lien by notice given the owner of the prop-

erty within thirty days as required by Section 1, Chapter 103, Acts of 1889.

The furnisher, Clark Hardware Company, insists that notice given within ninety days is sufficient to preserve the lien under Chapter 144, Acts of 1925. Plaintiff in error challenges the validity of this Act as being in contravention of Article 2, Section 17, of the Constitution, which requires that Acts repealing, reviving or amending former laws shall recite in their caption or otherwise, the title or substance of the law repealed, revised or amended.

The Act thus challenged is as follows:

"An act to amend Section 1 of Chapter 103, Acts of 1889, so as to amend the period of duration and the scope of liens in said section.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that Section 1 of Chapter 103, Acts of 1889, be and the same is hereby amended by striking out the words 'thirty days' wherever the same occurs therein, and substituting in lieu thereof the words, 'ninety days.'

"Section 2. Be it further enacted, That said Section 1 of Chapter 103, Acts of 1889, be and the same is hereby further amended by adding thereto the following provision: 'Said lien hereby created shall extend to, and exist in favor of every journeyman, or other person employed to work on the buildings, fixtures, machinery or improvements, or to furnish materials therefor, whether such journeymen, furnisher or other person' contracts for such labor or materials is with the original party contracting with the owner of the premises, or, is with a sub-contractor, acting under contracts with such original contractor.''

The purpose of Article 2, Section 17, of the Constitution was to direct the attention of the legislature to the existing law and the proposed change and thereby prevent improvident legislation. *Memphis Street Railway* v. *Byrne,* 119 Tenn., 278.

The requirement is met if the Act to amend the former law recites in the caption or otherwise the title or substance of the law amended. The caption of Chapter 144 Acts of 1925, does neither. Nothing in the caption or body of the amendatory Act directs the attention of the legislature to the existing law and the proposed change. The caption is altogether deceptive. The caption refers to the number, section and year of the former Act, but this alone is not sufficient to meet the constitutional requirement. *Williams* v. *Mann Const. Co.,* 145 Tenn., 324.

The remainder of the caption reads "so as to amend the period of duration and scope of the liens in said section." The words quoted are not sufficient to enable the legislature to determine the object to be accomplished by the amendment. The period of duration and scope of the lien bears no relation to the period within which notice must be given to preserve the lien. It cannot be determined by reference to the caption what lien statute is to be affected by the Act or what particular provision of a lien statute is to be amended.

It follows, therefore, that Chapter 144, Acts of 1925, is void because in contravention of Article 2, Section 17, of the Constitution, and the original Act, chapter 103, Acts of 1889 is in force. The latter Act required notice within thirty days in order to preserve the furnishers lien for supplies to the contractor. It is not insisted that notice was given within thirty days and without such notice the furnisher cannot enforce the lien for supplies to the contractor. The contractor alone is liable for the

account.    Judgment was rendered against him in the trial court from which he prayed no appeal.

The judgment of the trial court against the owner of the property against whom there is no direct liability is reversed, and the suit dismissed.