MELVIN *v.* BRADFORD SPECIAL SCHOOL DIST.

(*Jackson*, April Term, 1948.)

Opinion filed June 12, 1948.

MOZELLE CROUSE, of Trenton, for complainant.

HOLMES & HOLMES, of Trenton, for defendant.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The only question involved in this case is whether or not Chapter 467 of the Private Acts of 1925 was valid and effective as a repeal of Chapter 153 of the Private Acts of 1917.

The complainant, as a taxpayer of Gibson County and "Bradford Special School District," filed his original bill in the Chancery Court seeking a declaratory decree as to the validity of the aforesaid Private Act of 1925, also Chapter 707, Private Acts of 1947. All parties in interest were made defendants and they answered, in which denial was made, that the said Act of 1925 was effective to repeal the Act of 1917. It was averred in the answer that Chapter 467 of the said Acts of 1925 "is obnoxious to that part of Section 17 of Article 2 of the Constitution which provides, 'No bill shall become law, which embraces more than one subject, that subject to be expressed in the caption,' Also this further provision. 'All acts which repeal, revive or amend former laws, shall recite in their caption or otherwise, the title or substance of the law repealed, revived or amended.' "

The defendants further say that the Act of 1925 is violative of Section 8, Article 11, of the Constitution of Tennessee. The contention is also made that the Private Acts of 1925 was repealed by Chapter 78 of the Private Acts of 1929, Extraordinary Session, and thus revived the Private Act of 1917.

The Chancellor sustained the contention of the defendants and entered a declaratory decree holding (1) that the Private Act of 1925 was unconstitutional in that "the said Act, while purporting to be a repealing Act does not, neither in its caption or otherwise, recite the title nor substance of any law which the said Act undertakes to repeal," and that it is "contrary to and in conflict with the provisions of the general law, Code Section 2514"; (2) "that Private Chapter 707, Acts of 1947, is valid and effective for the purposes set out in said

Act as an amendment to Private Chapter 153, Acts of 1917.''

The complainant appealed from this decree and assigned it as error.

In 1917 the Legislature, by a Private Act, Chapter 153, page 476, created a special school district in Gibson County, called the ''Bradford Special School District.'' The Act provided for a Board of Trustees, officers, and methods of elections; the boundaries of the district were established; it provides that all public school property within the district shall become property of the district; school funds shall be allocated to the district; it levies a tax of thirty cents on each one hundred dollars of property and a poll tax of one dollar, also fixes a basis of tax assessment and for the disbursement of funds.

In 1925 the Legislature enacted Chapter 467, Private Acts of 1925. At the same session the general school law, applicable, of course, to the entire State, was enacted. Pub. Acts 1925, ch. 115. We think the Chancellor was correct in holding that the above mentioned Private Act (1925) was unconstitutional. While it purports to be a repealing Act and especially of Chapter 153, Private Acts of 1917, it did not repeal anything. The caption of said Act reads as follows:

''An Act to abolish all Special School Districts in Gibson County, and to provide for payment of bonds where any have been issued; and to provide for the outstanding indebtedness against certain districts.''

We agree with counsel for defendants that it is a repealing Act or nothing. It cannot be considered as repealing another Act by implication. The word ''abolish'' means to ''repeal'' and no other construction can be

given to it. The said Act is in clear violation of Section 17 of Article 2 of the Constitution in that it does not recite in its caption the title or substance of any law sought to be repealed, revived or amended.

■ Moreover, the body of the Act is broader than its caption. Section 2 of the Act purports to repeal *"parts of laws creating Special School Districts."* The caption does not name any of the said Acts, except so much of the law levying a tax for the payment of *"outstanding bonds and indebtedness,"* etc. (Emphasis supplied.)

The same section provides for the retention of fifteen cents to pay outstanding indebtedness of "Kenton Special School District" and ten cents is retained to pay indebtedness of "Mason Hall Special School District," and that the tax money shall be collected by the trustee and paid out by warrant of the Board of Education. The balance of this section relates to the other special school districts, providing for the collection of special taxes in different amounts by the trustee and paid out by the County Board of Education.

We think the caption of the Act gives no notice that the body contained a legislative provision that any and all bonds of each and every special school district (eight in number) were to be valid and binding obligations, and that there was a special scheme for the collection of special taxes in each of said districts for special purposes and the taxes from each district to be kept and allocated to each of them and paid out as provided therein. "The purpose of article 2, section 17, of the [State] Constitution, was to direct the attention of the Legislature to the existing law and the proposed change and thereby prevent improvident legislation." *Mattei* v. *Clark Hard-*

*ware Co.,* 155 Tenn. 184; 290 S. W. 977; 978; *State v. Bradt,* 103 Tenn. 584, 53 S. W. 942.

██ We have thus pointed out several distinct subjects of legislation in the body of the Act which are far beyond the scope of the title. We further find that these several provisions of the Act are in conflict with the general school law of the State. Chapter 115, Public Acts of 1925, sec. 33. (Code secs. 2316-2521.)

██ ██ In 1929 the Legislature, in extra session, enacted Chapter 78, a Private Act, which amended the Private Act of 1917, by authorizing the use of all special taxes in the "Bradford Special School District" to erect a school gymnasium and to pay existing indebtedness after which the said taxes were to revert to and be used as provided in the Act of 1917. One section of this amendatory Act repealed all laws in conflict with it, which, in our opinion, included the Private Act of 1925 here assailed. So that if the Act of 1917 was ever in any way modified by the Act of 1925 it was revived by the repealing statute of 1929. It seems clear to us that when the general school law was passed in 1925 this special Private Act (enacted at the same session) was thereafter treated as a nullity, as it should have been.

██ The last assignment of error challenges the correctness of the Chancellor's decree in holding Chapter 707, Private Acts of 1947, as valid. This Act purports to amend the original Act of 1917 by authorizing the issuance of $50,000.00 in bonds for special school purposes. We find nothing in this Act that is violative of the Constitution. Counsel for appellant fails to suggest any reason for holding the Act unconstitutional and upon full consideration we can conceive of none. We are, there-

fore, constrained to agree with the Chancellor that it is a valid Act.

All assignments of error are overruled and the Chancellor's decree is affirmed.

All concur.