CITY LUMBER CO. v. BARNHILL *et al.*

(*Jackson.* April Term, 1914.)

1. HUSBAND AND WIFE. Wife's Separate Estate. Liability to charge for benefits.

Real property not shown to be the separate property of a married woman cannot be charged as such, even for benefits accruing to her interest. (*Post, pp.* 677, 678.)

Case cited and distinguished: Shacklett v. Polk, 51 Tenn., 104.

2. HUSBAND AND WIFE. Evidence as to ownership. Presumption.

There is no presumption that a married woman's property is her separate estate rather than her general estate, but the presumption is rather to the contrary. (*Post, pp.* 677, 678.)

Case cited and distinguished: Shacklett v. Polk, 51 Tenn., 104.

3. HUSBAND AND WIFE. Wife's separate estate. Lien.

Under the express provisions of Shannon's Code, secs. 3532, 3533, a furnisher's lien on the real estate of a married woman, both her separate and general estate, cannot be established when there. is no contract evidenced by a writing signed by her, and, where the one furnishing the goods for which the lien is sought to be established knew that the right and title to the realty was in her, he has no right to remove the goods. (*Post, pp.* 678, 679.)

Codes cited and construed: Secs. 3532, 3533 (S.).

Cases cited and approved: Cage v. Lawrence (Ch. App.) 57 S. W. 192; Baker v. Stone (Ch. App.) 58 S. W. 761.

FROM MADISON.

Appeal from Chancery Court of Madison County. J. W. Ross, Chancellor.

D. W. HERRING and W. T. ROGERS, for plaintiff.

BOND & BOND and C. E. PIGFORD, for defendant Barnhill.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This case is before the court on a petition to rehear. Petitioner, City Lumber Company, urges that the real estate of Mrs. Barnhill, a *feme covert,* should be subjected to liability as her separate estate under the doctrine of the case of *Shacklett* v. *Polk,* 4 Heisk. 104, 113, to the effect that the separate estate of a married woman may be held liable for debts created for its benefit and preservation, with or without an express undertaking on her part to bind it. It is sufficient to reply to this contention that the City Lumber Company, as complainant, did not proceed on an allegation that the real estate sought to be affected was the separate estate of Mrs. Barnhill, or on any proof to that effect. The bill of complaint merely states that she bought the property and took title in her own name with the consent and approval of her husband, and that it is immaterial to complainant company whether it is her separate or general estate. Without a showing that this property was the separate estate of the married woman, we are unable to see how it may be charged as

such, even for benefits accruing to her holding. There is no presumption that a married woman's property is her separate estate rather than her general estate. The presumption would seem to be to the contrary— that the property was her general estate. Enc. Ev. 823. The deed to Mrs. Barnhill, for the property was not introduced in evidence to show the nature of the estate vested in her, and her answer makes no admission respecting the same. The bill was filed for the purpose of enforcing a furnishers' lien under the statute, and not to charge the property as a separate estate benefited.

The statute specifically governs the matter of lien or no lien on the property of a married woman, whether separate or general and the stipulation for a lien in behalf of a furnisher is made to depend upon the wife, whose land is sought to be charged, entering into a contract signed by her. Code (Shan.) section 3532, provides that the lien "shall apply to and embrace within its provisions the lands, both separate and general estate, of *femes covert,* when the contract is made with the wife whose land is sought to be charged with the lien, and evidenced by a writing signed by her." It clearly appears from the proof that there was no contract entered into evidenced by a writing signed by Mrs. Barnhill. The effort to fix a furnishers' lien therefore fails by force of the terms of the statute. *Cage* v. *Lawrence* (Ch. App.) 57 S. W. 192; *Baker* v. *Stone* (Ch. App.) 58 S. W. 761-763.

Lumber Co. v. Barnhill.

A further contention of complainant lumber company was that it had a right to remove the materials furnished the married woman. Code (Shan.) section 3533, again in this instance names the conditions for removal of such materials, and one of these conditions is ignorance on the part of the furnisher of the married woman's right or claim to the realty. The bill of complaint of the lumber company sets forth knowledge on its part of the fact that the right and title to the land in question was in Mrs. Barnhill. The right to remove the materials furnished therefore fails by reason of the statute's plain provision. *Baker* v. *Stone,* supra.

The petition for a rehearing must be disallowed.

Neil, C. J., incompetent in this case.