CITY LUMBER CO. *v.* MRS. LIZZIE D. TEMPLE.

(*Jackson.* April Term, 1917.)

1. STATUTES. Amendment. Validity of act amended.

Thompson-Shannon's Code, section 3533, providing that if a married woman, for work on whose lands material is furnished, refuses to recognize a lien therefor, the furnisher shall have the right to remove the property, is not invalid because amendatory of Acts 1881, chapter 67, claimed to be void because purporting to amend Code 1858, sections 1981, 1981a, *et seq.*, while there are no such sections of the Code; since section 1981 is in the Code 1858, and the reference to section 1981a can be disregarded as surplusage, there still remaining sufficient recital of the act amended to comply with Constitution article 2, section 17. (*Post,* *pp.* 90, 91.)

Acts cited and construed: Acts 1881, ch. 67, Acts 1889 ch. 103.

Cases cited and approved: Ransome v. State, 91 Tenn., 716; State v. Runnels, 92 Tenn., 320; Menphis Street Railway Co. v. State, 110 Tenn., 467; Cole Mfg. Co. v. Falls, 90 Tenn., 466.

Codes cited and construed: Sec. 3533 (Thomp-S.); Secs. 1981, 1981a (Tenn.;) Sec.

Constitution cited and construed: Sec. 17, art. 2.

2. MECHANICS' LIENS. Furnishing material on lands of married woman. Right of removal. Statute.

Where a lumber company furnished a husband lumber used in the erection of two buildings on the land of his wife, who was the owner of the land by duly registered deed, the lumber company could not remove the materials from the land under Thompson-Shannon's Code, section 3533, providing that if material be furnished on the land of any married woman, who has not signed a contract, and in ignorance on the part of the furnisher

City Lumber Co. v. Temple.

of her right or claim, and if the married woman shall refuse to recognize the lien, the furnisher shall have the right to remove, since the ignorance referred to in the statute is excusable ignorance, while the lumber company could have discovered the ownership of the land by the slightest inquiry. (*Post, pp.* 91-93.)

Cases cited and approved:   Thomas v. Exposition Co., 191 S. W., 348; City Lumber Co. v. Barnhill, 129 Tenn., 676.

Code cited and construed:   Sec. 3533 (Thomp.-Shan.).

---

## FROM MADISON.

---

Appeal from the Chancery Court of Madison County.—E. L. BULLOCK, Special Chancellor.

C. E. PIRFORD and W. N. KEY, for appellant.

BOND & BOND, for appellee.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

The original and amended bills filed by the complainant show that the complainant furnished to D. C. Smith, a contractor with the defendant's husband, certain lumber which was used in the erection of two buildings on the real estate of the defendant who was then a married woman. The defendant at the date the lumber was furnished was the owner by duly registered deed of the lots upon which the two houses were erected. The complainant charges that

it had no actual knowledge at the time the lumber was furnished that the land was owned by defendant, but furnished it under the belief that her husband owned the lots, and did not discover the true state of the title until after the buildings were erected. It is also charged that upon the completion of the houses and upon complainant being informed of the true state of the title, it demanded payment of the defendant of the balance of $523.45 owing for the lumber which had been furnished to Smith as aforesaid. After giving defendant notice of its intention to remove the lumber and material furnished by it from the lots aforesaid, the complainant filed this bill seeking to have established its right of removal.

A demurrer was interposed to the bill which raised two questions, which will be discussed in this opinion. It is said, first, that the act of the legislature (chapter 103, Acts 1889) is unconstitutional and void, and, second, that the registration of defendant's title was notice to the complainant which defeats its right of removal.

The argument made against the validity of the legislative enactment giving right of removal (section 3533, Thompson-Shannon's Code) is that it is amendatory of chapter 67 of the Acts of 1881, and this latter act is void because it purports to amend sections 1981 and 1981a et seq. of the Code of Tennessee, and there are no such sections of the Code.

The Code of 1858 has a section numbered 1981, but it has no section numbered 1981a. Section 1981a

appears for the first time in the compilation of Messrs. Thompson and Steger, and is taken from the Acts of 1859-60. But, as stated, section 1981 is in the Code of 1858, and the reference in the act of 1881 to the proper section of the Code of Tennessee is a sufficient reference. The reference to section 1981a can be rejected as surplusage, and there will still remain sufficient recital of the act amended to comply within section 17, article 2, of our Constitution. *Ransome* v. *State,* 91 Tenn., 716, 20 S. W. 310; *State* v. *Runnels,* 92 Tenn., 320, 21 S. W., 665; *Memphis Street Railway Co.* v. *State,* 110 Tenn., 467, 75 S.W. 713.

This particular act was carefully examined by the court and held constitutional in *Cole Manufacturing Co.* v. *Falls,* 90 Tenn. 466, 16 S. W., 1045. It is true this particular question as made was not discussed in that case, but we think that the answer to the objection to the validity of the statute is found in the cases cited herein.

The next question is whether the fact that the defendant held title to the lots in question by registered deed is such notice to the complainant that it cannot claim to be ignorant of the nature of her "right or claim." The section of the Code giving the right which complainant seeks to enforce is as follows:

"If the work or improvement or materials be furnished for work done on the lands of any married woman, who has not signed the contract or agreement in writing, as provided in the last section, and in

ignorance, on the part of said mechanic, laborer, or furnisher, of her right or claim, and if said married woman shall refuse to recognize or agree to said lien, said mechanic, laborer, or furnisher shall have the right, after giving ten days' notice, to take and remove such property, or the parts of the same on which his labor was performed, or materials, machinery, or other property was used.'' Thompson-Shannon's Code, section 3533.

It would be difficult to conceive of anything more that the defendant could do than to place the deed of record by which she holds her title. This is the evidence of her ''right or claim'' to the land upon which the improvements were built. The slightest inquiry upon the part of complainant at the place where such information is best afforded would have disclosed to it that defendant was the owner of the land upon which Smith was erecting the improvements. The ignorance referred to in the statute is excusable ignorance. Our registration laws provide that a deed duly degistered is notice to all the world, and this in terms includes one who furnishes material for the erection of buildings upon the land. *Thomas* v. *Exposition Co.,* 191 S. W., 348. Actual knowledge of the right or claim of married women deprives the furnisher of the right of removal. *City Lumber Co.* v. *Barnhill,* 129 Tenn., 676, 168 S. W., 160. Constructive knowledge by registration of the title by which she claims must be deemed to have the same effect be-

City Lumber Co. v. Temple.

cause no one contracting with respect to land, or who intends to assert a lien upon land, can be heard to say that he was ignorant of the nature of such registered claim.

Reversed and dismissed.