STATE *ex rel.* WILLIAMS *v.* CITY OF NASHVILLE *et al.*

(*Nashville.* December Term, 1918.)

1. **STATUTES. Title and subject-matter. Amendments. Officers' compensation.**

Priv. Acts 1917, chapter 525, providing for the payment of salaries to fire and police departments of the city of Nashville, designated in its caption to amend the city charter, being an amendatory act, it is not unconstitutional, as violating Constitution, article 2, section 17, relating to title of statutes, since an amendment incorporating provisions germane to the original act sought to be amended need recite nothing further than a correct statement of title of the original act. (*Post, pp.* 409, 410.)

Acts cited and construed: Acts 1917, ch. 525.

Cases cited and approved: Hyman v. State, 87 Tenn., 110; Wright v. Cunningham, 115 Tenn., 454; Memphis Street Ry. Co. v. State, 110 Tenn., 613; Goodbar et al. v. City of Memphis et al., 113 Tenn., 38; City Lumber Co. v. Temple, 138 Tenn., 91.

Case cited and distinguished: State ex rel. v. Algood, 87 Tenn., 166.

Constitution cited and construed: Art. 2, sec. 17.

2. **STATUTES. Reading of bills. Amendments.**

Where Priv. Acts 1917, chapter 525, amending city charter of Nashville, in its original form had been passed three times in the Senate and sent to the House, where it was substituted for an identical bill, which had been twice read in the House, and then amended by unnecessary additions and read a third time and passed and sent to the Senate, where amendment was concurred in and bill approved by Governor, it was not a violation of Constitution, article 2, section 18, requiring three readings of a bill in each house. (*Post, pp.* 410, 411.)

Cases cited and approved: Erwin v. State, 116 Tenn., 80; State v. Bradt, 103 Tenn., 584.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —HON. JAS. B. NEWMAN, Chancellor.

A. G. EWING, JR., and J. WASHINGTON MOORE, for appellants.

W E. NORVELL, JR., for appellees.

MR. JUSTICE BACHMAN delivered the opinion of the Court.

The constitutionality of chapter 525 of the Private Acts of 1917 is here assailed by a demurrer filed by the city of Nashville and its commissioners to a bill filed against them by the members of the fire department of the city of Nashville on relation, wherein it was sought to compel the city authorities to adopt an ordinance fixing the salaries of the members of the fire department, as provided in the act under consideration.

The caption of the act, as finally passed, is as follows:

"An act to be entitled 'An act to amend an act entitled "An act to create a municipal corporation to be known as the city of Nashville, and to define its rights, powers, duties and obligations, and to repeal all laws or parts of laws in conflict with the provisions of this act," being chapter 22 of the Private Acts of the General Assembly of the State of Tennessee for the year 1913 by amending section 17 thereof so as to

provide for the payment of certain salaries to the members of the fire department and the police department of said city of Nashville.' "

It appears from the legislative journals that the act is the embodiment of Senate Bill No. 1210, with the exception that in the course of its three passages in the Senate it contained no reference to the police department of the city of Nashville. House Bill No. 1619, identical in caption and body with Senate Bill No. 1210, had passed two readings on April 7, 1917, when senate Bill No. 1210, having passed its third reading and had been transferred to the House, was substituted for House Bill No. 1619, and amended in the House by adding to the caption the language, "and the police department of the city of Nashville," and also by providing in the body of the bill for a schedule of salaries for the members of the police department, which the city authorities were required to adopt by ordinance. In its amended form Senate Bill No. 1210 was finally passed by the House on April 7, 1917, and on that date was transmitted to the Senate, where the amendments previously made in the House were upon motion concurred in. The bill was duly signed and was approved by the Governor.

From the foregoing summary history of the bill it will be seen that in its original form and as passed on three readings in the Senate and two readings in the House, it contained no reference to the police department of the city of Nashville, and that only after substitution in the House was the caption and body of the bill amended so as to include in the charter changed provisions affecting the salaries of members of that department.

Upon this state of facts the appellants contend that the procedure attending the enactment of the measure is not in accord with sections 17 and 18 of article 2 of the Constitution of the State, and the act is therefore void. These sections of article 2 of the Constitution are as follows:

"Sec. 17. Bills may originate in either house, but may be amended, altered, or rejected by the other. No bill shall become a law which embraces more than one subject, . . . to be expressed in the title. All acts which repeal, revive or amend former laws, shall recite in their caption or otherwise the title or substance of the law repealed, revived or amended.

"Sec. 18. Every bill shall be read once on three different days, and be passed each time in the house where it originated, before transmission to the other. No bill shall become a law until it shall have been read and passed, on three different days in each house, and shall have received on its final passage, in each house, the assent of a majority of all the members to which that house shall be entitled under this Constitution; and shall have been signed by the respective speakers in open session—the fact of such signing to be noted on the journal; and shall have received the approval of the Governor, or shall have been otherwise passed under the provisions of this Constitution."

It is to be noted that the act in question is an amendatory, and not an original, measure, and, further, that while its effect is to provide for the payment of certain salaries to designated municipal employees, it is an act specifically designated by its caption as amending the charter of incorporation of the city of Nashville.

The fixing of salaries within certain limits is the particular wherein the subject is to be changed.

As an amendatory act, we are of opinion that the same is not obnoxious to the provisions of the Constitution. It has been repeatedly held by us that an amendment incorporating provisions germane to the subject of the original act sought to be amended need recite nothing further than a correct statement of the title of the original act. *Hyman* v. *State,* 87 Tenn., 110, 111, 9 S. W., 372, 1 L. R. A., 497; *State ex rel.* v. *Algood,* 87 Tenn., 166, 10 S. W., 310; *Wright* v. *Cunningham,* 115 Tenn., 454, 455, 91 S. W., 293; *Memphis Street Railway* v. *State,* 110 Tenn., 613, 75 S. W., 730.

And, as stated in the case of *State ex rel.* v. *Algood*:

"The crticism is that this title does not indicate the character of the proposed amendment. This is not necessary if, in fact, the amendment is germane to the original act and is embraced within the title of the original or amended act. In such case, the title of the original act being made a part of the title of the amendatory act, the particulars of the amendment need not be shown by the title."

We have further held that, where the caption of an amendatory act contains a recital of the title of the original act proposed to be amended, it is unnecessary that the particular character of the amendment be indicated, and that unnecessary recitals in a title or superfluous matter therein do not invalidate an act otherwise constitutional. *Goodbar et al.* v. *City of Memphis et al.,* 113 Tenn., 38, 81 S. W., 1061; *City Lumber Co.* v. *Temple,* 138 Tenn., 91, 195 S. W., 1127.

It is insisted for the appellants that the insertion in the caption of the act of the language "by amending section 17 thereof so as to provide for the payment of certain salaries to the members of the fire department" operated to restrict and limit the subject and extent of the proposed amendment, and that therefore the restricted title could not thereafter be made by adding the words "and the police department of said City of Nashville," without constituting the bill in effect a new one, and one subject, as amended, to the requirements of section 18 of article 2 of the Constitution.

This insistence would necessarily be upheld if the act were an original one, or if the language used to particularly describe the nature of the amendment could be contrued as an expression of the subject of the legislation, but, as above noted, the one subject expressed in the title and coming within the constitutional limitation is the amendment of the city charter. It is the constant quantity fixing the identity of the bill, as stated in *Erwin* v. *State,* 116 Tenn., 80, 93 S. W., 73, and as expressed it presents a valid constitutional amendatory act which was regularly enacted.

The added language specifically designating the particulars wherein the charter was to be amended, was unnecessary and superfluous, and its additions cannot be held to invalidate that which was constitutionally sufficient without it. To so hold would be subversive of the fundamental principle that every intendment must be made for, and all doubts resolved in favor of, the constitutionality of the act.

In support of the contention made for the appellants we are cited to the case of *State* v. *Bradt,* 103 Tenn.,

584, 53 S. W., 942. As pointed out in *Goodbar* v. *Memphis,* supra, this case is authority for the proposition that legislation under a limited and restricted title must be confined to the limits prescribed, and the principle was there correctly applied. The title of the act there being considered related alone to one subject, while the body of the act embraced three separate and distinct subjects of legislation. Here we have an amendatory act, reciting in its caption the title of the original act, and embracing legislation coming within the purview of the original act.

The decree of the chancellor is affirmed, and the case remanded.