Butler *et al. v.* McMahan.

(*Knoxville,* September Term, 1933.)

Opinion filed Nov. 18, 1933.

512

Thurman Ailor and Norman B. Morrell, for appellants.

A. M. Paine and Geo. G. Allen, for appellee.

Mr. Justice Cook delivered the opinion of the Court,

The bill was filed by D. D. Butler and J. H. Denton, as taxpayers and as members of the Sevier county highway commission, to enjoin O. E. McMahan from assuming the office of county road supervisor, upon allegations that chapter 10, Private Acts of 1933, under which he claims office, is void.

The chancellor held the act valid and sustained defendant's demurrer to the bill. It was charged in the bill, and it is insisted here, that the act is void because: (1) Contrary to the inhibition of article 2, section 17, of the Constitution, in that it contains more than one subject, and that the body of the act is broader than the caption. (2) By the provision of section 25 empowering the superintendent to fix the maximum load of vehicles operated on the county highways and bridges and declaring violation of that regulation a misdemeanor, the General Assembly illegally delegated legislative power to the superintendent, and in addition suspended the general law regulating the use of highways, thus discriminating between individuals of Sevier county and those of other counties of the State. (3) The provision of the act transferring the duties, powers, and emoluments of the office of county highway commission to that of a county superintendent of highways was a colorable scheme to deprive complainants of their office.

The caption, covering one page, and the body of the act, covering fifteen pages of twenty-eight sections, is too long to copy. It is sufficient to say that the caption expresses the purpose to set up a new and complete system for laying out, constructing, and maintaining county highways in Sevier county, under the control and direction of a county road superintendent, instead of three commissioners of highways.

514

■ By section 9 of the act, O'. E. McMahan was appointed superintendent to hold office until the August election, 1934. That mode of temporary appointment was authorized. *Richardson* v. *Young,* 122 Tenn., 516, 125 S. W., 664.

When the act· was passed, the county highway system was under the control of three commissioners whose appointment, powers, and duties are alleged to have been provided for by chapter 54, Public Acts of 1929, as amended by chapter 199, Private Acts of 1931.

■ It is not necessary to discuss the attempted engraftment of the Private Act of 1931 upon the Public Act of 1929. The provisions of the act assailed by complainants are confined to the subject of county highways, outlining the purpose expressed in the caption, and include only one subject, that subject being creation of a new and comprehensive system for the maintenance, construction, and control of county highways under the management of a superintendent of highways. Affecting the county, as the act does, in its governmental capacity, as a unit of the government, the question of arbitrary classification is not involved. *Prescott* v. *Duncan,* 126· Tenn., 140, 148 S. W., 229; *State* v. *Knox County,* 154 Tenn., 483, ·290 S. W., 405, 50 A. L. R., 1158.

■ One section of the act authorizes the condemnation of rights of way and gravel pits. Special laws regulating condemnation of rights of way for roads and quarries and gravel pits for such public use may be provided for by statute applicable to a particular governmental unit. *State Highway Department* v. *Mitchell's Heirs,* 142 Tenn., 58, 216 S. W., 336. And the Legislature, to accomplish the governmental purpose of laying out, constructing, and maintaining highways, may abolish an

old system as well as the office or offices created to administer it, and adopt and institute a new one. The rights of officers affected by the abolishment of the old system, it is said, must give way to the legislative will, where that will is expressed in a *bona-fide* enactment. What the Legislature conceives and declares to be an improvement on the old system is not matter for inquiry by the courts. They cannot pass upon the wisdom of the change. *House* v. *Creveling,* 147 Tenn., 589, 250 S. W., 357; *Smith* v. *Sells,* 156 Tenn., 539, 3 S. W. (2d) 660.

We find no ground for the conclusion that the change from the old to the new system of highway management in Sevier county was merely colorable and used as a pretext to remove complainants from office and substitute defendant in their place, as was the case in *Smith* v. *Sells, supra.*

The validity of section 25 of the act, conferring power upon the superintendent to regulate the load of vehicles operated on the county highways, is not open to question by complainants, because they are not affected in any of their rights by that provision of the act. If the provision is invalid as an unauthorized delegation of legislative power, it is embodied in a single section which is severable and could be omitted without impairing the legislative plan outlined in the statute; therefore its invalidity would not destroy the act thus left complete with that section ignored. *Richardson* v. *Young,* 122 Tenn., 471, 125 S. W., 664; *State* v. *Cumberland Club,* 136 Tenn., 84, 188 S. W., 583.

The decree of the chancellor sustaining the demurrer and dismissing the bill is, for the reasons stated herein, affirmed.