POWERS *et al. v.* WISEMAN, COUNTY JUDGE, *et al.*

(*Nashville,* December Term, 1933.)

Opinion filed January 27, 1934.

C. C. Jackson, of Murfreesboro, for appellants.

A. L. Todd and C. L. Cummings, both of Murfreesboro, for appellees.

Mr. Justice Cook delivered the opinion of the Court.

By chapter 235, Private Acts of 1931, a county highway system was instituted for Rutherford county, to be under supervision of a county board of road commissioners and a superintendent of roads. By chapter 482, Private Acts of 1933, another and different system was instituted, to be under the control and supervision of the county workhouse commission, an entity authorized by section 12012 of the Code. The county workhouse commission was given supervision of the highway system in addition to supervision of the workhouse, and management of the prisoners.

The complainants who held office under the Act of 1931 challenged the validity of chapter 524, Private Acts of 1933, which repealed the Act of 1931, and of chapter 482 of the Private Acts of 1933, which instituted the new system. The chancellor held chapter 482, Private Acts of 1933, valid and dismissed the bill.

Complainants appealed and insist (1) that the provision of the latter act transferring the duties and powers of the county board of road commissioners to the county workhouse commission was a colorable scheme to deprive them of their office and its emoluments; (2) that the provision conferring power upon the county judge to appoint the four workhouse commissioners to serve until January 1, 1934 (should it appear that they had not already been appointed by the quarterly court), renders the act void because violative of article 11, section 17, of the Constitution, which provides that no office created by the Legislature shall be filled otherwise than by the people or the county court; (3) that the provision making the county judge a member, *ex officio,* of the commission renders the act void because violative of article 2, section 26, of the Constitution, which provides that no person shall hold more than one lucrative office, and because violative of article 6, section 7, of the Constitution that forbids judges holding any other office of trust or profit.

By chapter 235, Private Acts of 1931, the county board of road commissioners was composed of nine members named in the act, their successors to be elected at the next April term of the quarterly court, from nine zones into which the county was divided by the act. Their compensation was fixed at $2.50 for each day of actual service, and they were authorized to employ a superin-

tendent at a salary of not less than $1,800 nor more than $3,500 a year.

The superintendent was authorized to appoint, with approval of the board, district supervisors, and their pay was prescribed by the act. The superintendent of roads was also authorized to appoint a superintendent of workhouse and the prison guards at a compensation to be fixed by the superintendent of roads and the board. In addition, the superintendent of roads was given authority to board and keep the prisoners at the county jail at the expense of the county. Other provisions of the act relate to administrative duties, and the exercise of power over the construction and maintenance of the county roads.

By chapter 482, Private Acts of 1933, all powers exercised by the nine members of the board of road commissioners and the superintendent of roads under the Private Acts of 1931 were transferred to the county workhouse commission of five members, the county judge as a member *ex officio,* and the workhouse superintendent. Upon comparison of the acts, it becomes apparent that the change to the new system was real and not merely colorable. By the change, the confusion that would result from conflict of authority between the jailer and the workhouse commission and the superintendent of roads was avoided. The management of the workhouse and the work of prisoners on the public highways was co-ordinated under control of the workhouse commission and superintendent of the workhouse; and the financial administration of the workhouse system, the county highway system, and the means of accounting was co-ordinated under a new, and what may evolve into a simple and less expensive, system. By general law, the county

judge is charged with responsibility as the financial agent of the county. By the new act he is given opportunity for observation and supervision of receipts and expenditures so necessary to properly discharge the duties imposed upon him by the general laws.

The antagonistic provisions of the two acts forbid the conclusion that the Act of 1933 was merely designed to remove complainants from office. Beyond this the question of whether a change of system should be made was a question of policy to be determined by the Legislature. *Butler* v. *McMahan,* 166 Tenn. 511, 64 S. W. (2d), 1. The Legislature could have made the *ad interim* appointment, as was done in section 3, chapter 235, Private Acts of 1931, or, as was done in section 11 of the Act of 1933, could confer the power upon the county judge to fill the vacancy until the next meeting of the quarterly court. *Goetz* v. *Smith,* 152 Tenn., 463, 278 S. W., 417; *Condon* v. *Maloney,* 108 Tenn., 100, 65 S. W., 871. The act is not violative of article 6, section 7, and article 2, section 26, of the Constitution as contended by complainants, because no new office was conferred upon the incumbent county judge by the mere annexation of additional duties and responsibilities consonant with those imposed upon him by general laws of the state. See *Moore* v. *Nation,* 80 Kan., 672, 103 P., 107, 23 L. R. A. (N. S.), 1115, 18 Ann. Cas., 397, and *McCullers* v. *Board of Com'rs of Wake County,* 158 N. C., 75, 73 S. E., 816, Ann. Cas. 1913D, 507; note page 511.

Affirmed.