TRAYWICK *et al. v.* GILKEY *et al.*

(*Jackson.* April Term, 1934.)

Opinion filed May 31, 1934.

J. SAM JOHNSON, J. W. MURPHY, J. C. R. McCALL, and P. W. MADDOX, all of Huntingdon, for appellants.

466

R. M. Murray, of Huntingdon, S. L. Peeler, of Camden, R. H. Rhodes, of Paris, W. R. Stobbe, of McKenzie, and J. Ross McKinney, of Nashville, for appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

Complainants below, three in number, are county highway commissioners for Carroll County, elected for two years, in August, 1932, pursuant to provisions of chapter 662, Private Acts of 1931. They filed their bill to restrain defendants Murray Gilkey and Henry Betts, claiming appointment under chapter 579, Private Acts of 1933, from displacing complainants in their offices, on the ground that the act under which they claim title is unconstitutional. They charge (1) that the changes made by the new Act of 1933 are colorable only, affecting in no fundamental the road law of 1931 for Carroll County; (2) that powers are undertaken to be conferred on the commissioners with respect to the disposition of property which may be lawfully exercised by the county court only; (3) that the caption is misleading and deceptive; and (4) that the Act of 1933 was passed by the Legislature fraudulently and collusively and is therefore void. The chancellor sustained a demurrer challenging these contentions, and complainants appealed.

Recognizing the power of the Legislature to terminate the holdings of incumbents of office by abolishing the offices held by them, or by the making of such fundamental changes in the law under which they hold as will work the same result, it is, also, well settled that the changes in the form or structure of the governmental agency affected must be real and substantial, not colorable only. *Goetz v. Smith,* 152 Tenn., 462, 278 S. W.,

417; *Smith* v. *Sells*, 156 Tenn., 539, 3 S. W. (2d), 660; *Haggard* v. *Gallien*, 157 Tenn., 269, 8 S. W. (2d), 364; *Holland* v. *Parker*, 159 Tenn., 306, 17 S. W. (2d) 926; *Loring* v. *McGinness*, 163 Tenn., 543, 44 S. W. (2d), 314; *Butler* v. *McMahan*, 166 Tenn. 511, 64 S. W. (2d), 1; *Powers* v. *Wiseman*, 167 Tenn., 140, 67 S. W. (2d), 142, 143.

 In most of these cases the acts in question were upheld, but in all of them the principle was approved that the changes must not relate alone to details of conduct and operation, but must go to the basic structure or fundamental form of the governmental arm affected.

In *Loring* v. *McGinness, supra,* among other changes, a county road commissioner was created to be elected by popular vote, succeeding a body chosen by the county court. The act was sustained. In *Holland* v. *Parker, supra,* this same change in the source of authority was made, with a like result. In *Butler* v. *McMahan, supra,* among other changes, a superintendent was substituted for a highway commission, in effect a change from a commission to a managerial form of government. The changes were found to be not merely colorable. In the last published opinion, *Powers* v. *Wiseman, supra,* the act transferred the duties formerly exercised by a county board of nine members to the workhouse commission of the county, with the effect of abolishing the former. It was held that the ''change to the new system was real and not merely colorable.''

On the other hand, in *Smith* v. *Sells, supra,* the court felt constrained to hold the changes colorable only, and the act void. It provided for the substitution of a county board of public school directors of five, for a county board of education of nine. The court held that this reduction in the number of the members was not sub-

stantial, as related to the form of the governmental agency. Other changes were with regard to details of service and compensation. We find a strong analogy in the case now before us. Here the two changes apparently stressed are, one, a reduction in the number of the commissioners, from three to two, the county judge being chairman *ex officio* under both acts. No change in the name occurs here, as was the case in *Smith* v. *Sells, supra*. And, two, the new act provides for supervision of the work to be done by foremen, to be selected by the commission, rather than by or through a "supervisor," to be selected in like manner. The commissioners themselves are still to be elected as before, by popular vote and for a like term of two years.

The reduction in number is no more fundamental·than in *Smith* v. *Sells, supra*. Nor is the division of the county into two, rather than three, road districts, as in the old act.

The omission from the new act of any provision for a road supervisor is stressed as a substantial change in the form of this governmental agency. Counsel treat the old act as having created this office and placed the road work of the county in the hands of this officer, to be elected for a fixed term of four years, and appear to argue that the abolishment of this controlling and dominating officer and the vesting of control in the commission was a real and substantial change in the form of this governmental branch. This theory rests, in part, on a mistaken conception of the provisions of the old act touching this matter. The old act merely "authorized" the highway commission "to employ a competent road supervisor for a period not to exceed four (4) years," and at a salary "not to exceed" the sum named.

It was left optional with the highway commission (1) to employ one at all, (2) to fix his term, within four years, and (3) to fix his salary. It was provided that "the County Highway Commission shall assign to such road supervisor [if chosen by them] such duties as it may see fit and proper," etc. He was distinctly the creature of the commission. Moreover, this, as we conceive, is a detail only of management and supervision, not going to the basic form of government generally of the road work of the county. If to effect economy, or obtain better results, the Legislature thought it wise to take from the highway commission this "authority" and specify the use of foremen only, this could have been done effectively by an amendment to the existing law.

The other provisions of the Act of 1933 which modify or otherwise change the old law plainly relate to details of reporting, or accounting, or internal management. As was said in *Smith* v. *Sells, supra*: "It seems obvious to us that the system of government and control of the county schools [here the county roads] is identical under each of the two statutes," or, at least, so nearly so as not to constitute substantial changes in the form. And, "The differences are confined to mere matters of detail, and cannot have the effect of changing the nature or identity of the office of members." This we find to be true here.

In view of the conclusions indicated, we find it unnecessary to discuss the other issues raised by the pleadings. On the grounds stated the decree of the chancellor sustaining the demurrer must be reversed, and the prayer of the bill for an injunction granted.