WILSON *et al.* *v.* WILLIAMS, County Judge.

(*Knoxville,* September Term, 1951.)

Opinion filed June 7, 1952.

GEO. W. DAGLEY, County Attorney, J. H. McCARTT, S. H. JUSTICE, all of Wartburg, and JOHN JENNINGS, JR., of Knoxville, for complainants.

LADD & QUALLS, of Harriman, for defendant.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a suit seeking to have Chapter 475, Private Acts of 1951 declared unconstitutional. The Chancellor, on demurrer, upheld the Act as valid in all respects.

The Act in question is assailed for many reasons but only two grounds are stressed. ██ ██ First, does the use of the 1940 census, rather than the 1950 census, invalidate this Act?

Such classification is not arbitrary, vicious or capricious. *Hall* v. *State,* 124 Tenn. 235, 137 S. W. 500.

We think the Legislature need only use as a basis such a standard as would clearly indicate the county to which it refers and make such provision that other counties within the state may come within its terms. We think, therefore, that the use of the population according to the census of 1940 or any subsequent Federal census is a valid classification.

Are the changes provided for in the Act in question colorable or substantial?

██ A brief comparison of the former road law of Morgan County with the present road law shows that the entire system with respect to roads is changed. In no sense could this Act be denounced as colorable.

By the Act in question, three commissioners were provided for instead of one superintendent. In the present Act, certain powers were given to the County Judge for acting as legal adviser of the Road Commission. Said new Act conferred power on the Commission to name a secretary with a salary of not to exceed $200 per month; also power was given to employ a County Supervisor of Roads at a salary of not to exceed $300 per month and power to employ a County Engineer at a maximum salary of $300 per month.

So then, we think the new Act sets up substantial changes and ones not merely colorable.

 It is true that the Legislature cannot abolish a constitutional office or remove a constitutional officer who has been duly elected; however, the office of County Road Superintendent as provided for in the former law is not a constitutional office and has no vested right in the office. In our system one cannot be legislated out of office, where he has been elected by the people, for the purpose of filling the same office with another person. This situation is distinguishable from the present case for the reason that the office itself is abolished and an entire new system of government is substituted.

In *Black* v. *Wilson,* 182 Tenn. 623, 188 S. W. (2d) 609, 612, it is said:

"The applicable rule of law is now well settled. An office holder may not 'complain, if, in the public interest, and by way of putting into effect a new system, the Legislature repeals statutes, the effect of which is to abolish offices not protected by the Constitution.' *Goetz* v. *Smith,* 152 Tenn. 451 [461] 462, 278 S. W. 417, 420, citing *House* v. *Creveling,* 147 Tenn. 589, 250 S. W. 357, and other cases. Provided, however, that 'the changes in the form or structure of the governmental agency affected must be real and substantial, not colorable only.' *Traywick* v. *Gilkey,* supra, citing in addition to those before referred to in this opinion, *Smith* v. *Sells,* 156 Tenn. 539, 3 S. W. 2d 660; *Haggard v. Gallien,* 157 Tenn. 269, 8 S. W. (2d) 364; *Loring* v. *McGinness,* 163 Tenn. 543, 44 S. W. (2d) 314; *Powers* v. *Wiseman,* 167 Tenn. 140, 67 S. W. (2d) 142."

So then, we conclude that under the provisions of the Act now assailed, substantial and not colorable changes were made.

■ It is also contended that the body of the act is broader than the caption and for this reason the Act must fail. The Act expresses the purpose of building and constructing roads, and other matters such as providing for a legal adviser. The County Judge's relation to the Commission is naturally connected with the main purpose of the Act.

This assignment is overruled.

■ Does the naming of the Secretary in supervising the Act violate Article XI, Section 17 of the Constitution?

We do not think that it was the intention of the Legislature to create two county offices but that the intent was that the Secretary and Supervisor should be employees.

We have considered all the assignments of error, find them without merit and the decree of the Chancellor is affirmed.