# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 17, 2014 Session

## CONNIE REGULI, ET. AL. V. BOARD OF PROFESSIONAL RESPONSIBILITY OF THE SUPREME COURT OF TENNESSEE

**Appeal from the Chancery Court for Davidson County**
**No. 131516III     Hon. Ellen H. Lyle, Chancellor**

_____

**No. M2014-00158-COA-R3-CV - Filed October 13, 2014**

_____

This is a declaratory judgment action in which Petitioners, who were respondents in an ongoing disciplinary proceeding, requested the trial court answer 15 questions concerning the applicable rules of procedure and evidence and the process and organization of the Board. The trial court dismissed the action, finding that Petitioners merely sought an advisory opinion and that it lacked subject matter jurisdiction to afford the relief desired. Petitioners appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Janet L. Layman and James Daniel Richardson Roberts, Jr., Nashville, Tennessee, for the appellants, Connie Reguli and Nathan S. Moore.

Robert E. Cooper, Jr., Attorney General and Reporter, Joseph F. Whalen, Acting Solicitor General, and Talmage M. Watts, Senior Counsel, Tax Division, Nashville, Tennessee, for the appellee, Board of Professional Responsibility of the Supreme Court of Tennessee.

# OPINION

## I. BACKGROUND

Connie Reguli and Nathan S. Moore (collectively "Petitioners") are licensed attorneys in Tennessee and are the subjects of an ongoing disciplinary proceeding brought by the Board of Professional Responsibility of the Supreme Court of Tennessee ("the Board"). Petitioners initially filed a petition with the Board's Office of Disciplinary Counsel in which they sought an answer to 15 questions concerning the applicable rules of procedure and evidence and the process and organization of the Board. The Board refused to hear the action and returned the petition. Petitioners filed the present action against the Board in the trial court in which they again sought an answer to each of the following 15 questions:

A. Do the Tennessee Rules of Civil Procedure apply in Board Proceedings as authorized by Tenn. R. Sup. Ct. 9? If the answer is "some, but not all," please establish which Rules do apply.

B. Do the Tennessee Rules of Evidence apply in Board Proceedings as authorized by Tenn. R. Sup. Ct. 9? If the answer is "some, but not all," please establish which Rules do apply.

C. Are the Board of Professional Responsibility, Disciplinary Counsel, District Committee Members, and Hearing Panel Judges a "single source" which may communicate freely and confidentially within itself at all times? And if not, are those communications an ethical violation? If the communications are ethical violations, are the communications open records?

D. Pursuant to the American Bar Association ("ABA") standards, are damages or potential damages (as described under the ABA standard) a necessary element for suspension and/or disbarment of an attorney? If so, is the Respondent Attorney entitled to know in the petition what damages the Disciplinary Counsel intends to proffer? If not in the petition, at what point in the proceedings should Disciplinary Counsel be required to produce that evidence, and is the Respondent Attorney entitled to discovery regarding the same?

E. In actions against an attorney for discipline, a quasi-criminal proceeding, should the standard of proof be "clear and convincing" as applied in at least six other jurisdictions (Pennsylvania, Louisiana, Florida, New Jersey, Arizona and Washington D.C.) and as recommended by the ABA?

F.  Has the Tennessee Supreme Court exceeded its authority in establishing absolute immunity for all participants in the disciplinary process, including Board Members, District Committee Members and Disciplinary Counsel?  If not, under what authority can the Supreme Court create this privilege?  Do Hearing Panel Members enjoy the same absolute immunity as other judges even when they are improperly selected, either in violation of Tenn. R. Sup. Ct. 9 or in violation of Due Process?

G.  Is a Respondent in a Disciplinary Proceeding entitled to know all District Committee Members or Hearing Panel Members who have reviewed and/or acted upon matters involving the Respondent as described in Tenn. R. Sup. Ct. 9, § 8.1, even if said matters resulted in a dismissal of the claim or complaint?

H.  Does the selection process of Hearing Panel *Judges* from the District Committees (who are nominated and appointed by the Board and Disciplinary Counsel) create *an inherent conflict* of interest since the Board essentially sits in the role of the "Grand Jury," the Disciplinary Counsel as the "prosecutors," and the Hearing Panel Members sit in the role as the "Judges"?

I.  Is the application of Tenn. R. Sup. Ct. 9 *in violation of the Tennessee Constitution and of Tenn. Code Ann.* since it was not approved by the Legislature prior to its application as required under Tenn. Code Ann. § 16-3-404?  Does that violation make all actions taken by the Disciplinary Counsel, the Board and District Committee Members void?  Further, does this violation remove all immunity designated under Tenn. R. Sup. Ct. 9?

J.  Is the Hearing Panel an administrative body to the extent that a prevailing Respondent should be allowed to *seek damages for harassment or retaliation* as provided by Tenn. Code Ann. § 4-5-325 and Tenn. Code Ann. § 29-37-104?  If not, is the denial of that right a violation of equal protection under the Tennessee and the United States Constitutions?

K.  Is it a denial of the Respondent Attorney's due process rights to be denied a hearing before an *elected judge either in the initial petition hearing or in the appeal of the panel's decision?*  Or in the alternative, should the appeal be to the Chancery Court as provided in Tenn. Code Ann. § 4-5-322(e) which allows for additional evidence if the evidence is material is there a good cause why the evidence was not presented to the administrative body?  The interference with the right to practice law, right to contract, and the right to earn a living are substantially constitutional rights protected under the constitution.

L. Is the Board in and of itself an unlawful body in that it acts as a Grand Jury without the procedural and constitutional safeguards of a regularly-convened Grand Jury?

M. Since the District Committee Members act as "judges," does the selection and retention of the members (allowing two three-year terms and then a reappointment after one year, with the provision that if a term expires, the member continues to serve on any pending matter in which he or she has been appointed) create an inherently insulated system which violates due process?

N. Is the application of certain Canons in disciplinary proceedings unconstitutional in that they are unconstitutionally vague, i.e.: "interference with the administration of justice" (Rule 8.4); "providing competent representation" (Rule 1.1); "act with reasonable diligence and promptness" (Rule 1.3)?

O. Have the Board, Disciplinary Counsel, and/or the District Committee Members failed to establish standards for prosecution and making said standards available for review by licensed and practicing attorneys resulting in an unjust and unequal administration of discipline?

The Board responded to the petition by filing a motion to dismiss, claiming that the exclusive remedies and procedures for attorneys in disciplinary proceedings are provided by the Tennessee Supreme Court in Rule 9, which does not contemplate declaratory judgment actions. The Board also asserted that the trial court lacked jurisdiction over the subject matter and that dismissal was appropriate because Petitioners had failed to state a claim upon which relief may be granted. The trial court agreed with the Board and dismissed the action, finding that Petitioners merely sought an advisory opinion, that it did not have subject matter jurisdiction because the Board was immune from suit and because it simply lacked authority to answer the questions posed by Petitioners. This timely appeal followed.

## II. ISSUE

We restate the issue raised on appeal by Petitioners as follows:

Whether the trial court erred in granting the Board's motion to dismiss.

## III.  STANDARD OF REVIEW

The trial court's dismissal of a case based on lack of subject matter jurisdiction or for failure to state a claim is a conclusion of law. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Button v. Waite*, 208 S.W.3d 366, 369 (Tenn. 2006) (citing *State v. Cawood*, 134 S.W.3d 159, 163 (Tenn. 2004)).  The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn*, 270 S.W.3d at 47; *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV.  DISCUSSION

A plaintiff in a declaratory judgment action need not show a present injury, but an actual "case" or "controversy" is still required. *Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 95 (1993).  A bona fide disagreement must exist; that is, some real interest must be in dispute. *Goetz v. Smith*, 278 S.W. 417, 418 (Tenn. 1925).  Indeed, "a declaratory judgment action cannot be used by a court to decide a theoretical question, render an advisory opinion which may help a party in another transaction, or allay fears as to what may occur in the future." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 193 (Tenn. 2000) (internal citations and quotations omitted).

We agree with the trial court that Petitioners merely sought an advisory opinion to assist them in their ongoing disciplinary proceedings.  Petitioners should have simply raised the questions contained in the petition as a defense in their respective Rule 9 proceedings, where relevant.  Rule 9 even provides an avenue for appeal in the event that Petitioners were unsuccessful in their defense. *See* Tenn. Sup. Ct. R. 9, § 33.1.  With these considerations in mind, we conclude that the trial court did not err by refusing to render an advisory opinion to assist Petitioners in their Rule 9 proceedings and that the action was properly dismissed for failure to state a claim upon which relief may be granted.  Likewise, we also agree that the trial court lacked subject matter jurisdiction over the action.

"The concept of subject matter jurisdiction implicates a court's power to adjudicate a particular type of case or controversy." *Staats v. McKinnon*, 206 S.W.3d 532, 541-42 (Tenn. Ct. App. 2006) (citations omitted).  Parties cannot confer subject matter jurisdiction on a court by appearance, plea, consent, silence, or waiver. *Id.* at 542 (citations omitted).  In this case, Petitioners filed the present action against the Board, which is entitled to sovereign immunity as an agent of the Tennessee Supreme Court, a state organization.  Sovereign immunity may only be waived or held inapplicable.  Neither exception applies in this case when this declaratory judgment action was not raised as a facial constitutional challenge to enjoin a state official from enforcing an unconstitutional statute. *Colonial Pipeline v. Morgan*, 263 S.W.3d 827, 853 (Tenn. 2008).  Additionally, the trial court did not

have jurisdiction to rule on the validity of a Supreme Court Rule. *Barger v. Brock*, 535 S.W.2d 337, 342 (Tenn. 1976) ("[T]he inferior courts of the state may not entertain any suit or action challenging the validity of any Rule of this Court. Such a suit would be in the nature of a bill of review or to impeach a judgment of this Court, and, in effect, would constitute an appeal to the chancery court from the action of this Court. Such a proceeding is unknown to the law."). In keeping with that standard, the Board's decisions may only be reviewed as expressly authorized by the Tennessee Supreme Court. *Brown v. BPR*, 29 S.W.3d 445, 449 (Tenn. 2000). With these considerations in mind, we affirm the court's dismissal of the action.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellants, Connie Reguli and Nathan S. Moore and their surety, if any.

_____
JOHN W. McCLARTY, JUDGE

-6-